UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ADRIANA ROJAS,** individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**GRAYSON BENTLEY, INC. d/b/a BUTTERCLOTH,**<br><br>　　　　Defendant. | Case No. 1:22-cv-21289 |

**NOTICE OF REMOVAL OF ACTION**

　　　　Pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, Defendant Grayson Bentley, Inc. d/b/a Buttercloth ("Buttercloth"), by its undersigned counsel, hereby removes to this Court the state-court action described below:

　　　　1.　　On March 25, 2022, Plaintiff commenced an action in the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County Florida entitled *Adriana Rojas, individually and on behalf of all others similarly situated v. Grayson Bentley, Inc. d/b/a Butter Cloth*, Case No. 2022-005574-CA-01. A copy of the Plaintiff's complaint in the action is attached hereto as Exhibit 1.

　　　　2.　　Grayson was served with process on April 5, 2022. This was date upon which Buttercloth first became aware of the complaint. This removal has been timely brought within 30 days of Plaintiff's service of Buttercloth with the summons and complaint in this action.

## THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S TELEPHONE CONSUMER PROTECTION ACT CLAIMS

3. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Plaintiff alleges in her complaint that Butterclotch violated 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(d), which are part of the Telephone Consumer Protection Act ("TCPA"), a federal statute.  Complaint, ¶¶ 43-50.  Plaintiff's TCPA claims arise from text messages allegedly sent by Buttercloth to Plaintiff.  Complaint, ¶ 11.  Accordingly, this Court has original jurisdiction over Plaintiff's second count for Violation of 47 U.S.C. § 227(b).

## THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S FLORIDA TELEPHONE SOLICITATION ACT CLAIMS

5. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

6. Plaintiff's first count alleges a claim for violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.  Complaint, ¶ 1, 35-42.

7. Plaintiff's FTSA claim is based upon the same text messages at issue in Plaintiff's TCPA claim.  Complaint, ¶¶ 11-24; 35-42.  The FTSA claims are not based upon any different facts, occurrences, or transactions between the parties.  The claims therefore "form part of the same case or controversy," and the Court therefore may exercise supplemental jurisdiction over Plaintiffs' FTSA claims.  Moreover, because Plaintiff's FTSA and TCPA claims are based upon the same factual allegations (i.e. the text messages allegedly sent by Buttercloth to Plaintiff), the Court's exercise of supplemental jurisdiction over Plaintiff's FTSA claims would "promote judicial economy, convenience and fairness to litigants."  *Ameritox, Ltd. v. Millennium Labs.*, *Inc.*, 803 F.3d 518, 531 (11th Cir. 2015) (citation omitted).

## COPIES OF ALL PROCESS AND PLEADINGS

8. Pursuant to 28 U.S.C. § 1446(a), a notice of removal shall contain copies "of all process, pleadings, and orders served upon such defendant or defendants in such action."

9. To date, Buttercloth has been served with Plaintiff's complaint in this action, a copy of which is attached hereto as **Exhibit 1**.

## NOTICE OF FILING IN STATE COURT

10. Pursuant to 28 U.S.C. § 1446(d), Buttercloth will serve written notice of this removal on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of the Court of the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County, Florida in case *Adriana Rojas, individually and on behalf of all others similarly situated v. Grayson Bentley, Inc. d/b/a Butter Cloth*, Case No. 2022-005574-CA-01 in the form attached hereto as **Exhibit 2**.

WHEREFORE, for all the foregoing reasons, this Court has, and Defendant respectfully requests this Court to assume full jurisdiction over the entire action as provided by law.

DATED: April 25, 2022

Respectfully submitted,

BUCHALTER
A Professional Corporation

By: /s/ *Artin Betpera*
Artin Betpera, Esq.
Fla. Bar. No. 49535
BUCHALTER
18400 Von Karman Avenue, Suite 800
Irvine, California, 92612
Tel: 949-760-1121
Fax: 949-720-0182
Email: abetpera@buchalter.com

*Attorneys for Defendant Grayson Bentley, Inc. d/b/a Buttercloth*